IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRANDEN MCAFEE,, | ) CASE NO. |
| | ) |
| Plaintiff, | ) **DEFENDANT FASHION NOVA, LLC'S** |
| | ) **NOTICE OF REMOVAL** |
| vs. | ) |
| | ) |
| FASHION NOVA, LLC, | ) |
| | ) |
| Defendant. | ) |

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Fashion Nova, LLC ("Fashion Nova"), by and through its counsel, hereby gives notice that the above action is removed from Hamilton County Municipal Court of Hamilton County, Ohio, in which Court said action is now pending, to the United States District Court for the Southern District of Ohio. In support thereof, Fashion Nova states as follows:

**I.    THE STATE COURT ACTION**

1. On January 24, 2026, Plaintiff Branden McAfee ("Plaintiff") initiated this case against Fashion Nova by filing a complaint in Hamilton County Municipal Court captioned *Branden McAfee v. Fashion Nova LLC*, Case No. 26CV02872 ("State Court Action"). A copy of the complaint is attached hereto as **Exhibit 1**.

2. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders that have been filed and served in the State Court Action is attached hereto. Fashion Nova was served

on January 30, 2026, by service sent to its service of process CT corporation's address. A copy of the service document and the summons are attached hereto as **Exhibit 2**.

## II. SUMMARY OF THE COMPLAINT

3. In his Complaint, Plaintiff contends that Fashion Nova sent at least one unsolicited telemarketing text message to Plaintiff's cellular phone. (Exhibit 1 ¶ 12.)

4. On the basis of these allegations, Plaintiff alleges the following claims: (i) violation of the Telephone Consumer Protection Act ("TCPA), 47 U.S.C. § 227(b)(1)(A); and (ii) intrusion upon seclusion (Ohio Common Law).

## III. THIS COURT HAS SUBJECT MATTER JURISDICTION BECAUSE A FEDERAL CLAIM HAS BEEN ASSERTED

5. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because it involves a federal question. *See* 28 U.S.C. § 1331 (providing that district courts shall have original jurisdiction over all civil actions arising under the "Constitution, laws, or treaties of the United States").

7. Here, this Court has jurisdiction over the State Court Action because Plaintiff alleges three causes of action under the Telephone Consumer Protection Act ("TCPA") and its associated federal regulations.

8. The TCPA does not provide exclusive jurisdiction of the state courts, and therefore TCPA actions filed in state court can be removed to federal court under § 1441, regardless of the parties' citizenship or residence. *See, e.g., Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

28301348 v3

9. Pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a), this Court also has supplemental jurisdiction over Plaintiff's state claims under Ohio Common Law because these claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

10. Under Section 1367(a), the test is whether the claims asserted "derive from a common nucleus of operative fact." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 454 (6th Cir. 1996) (quotations and citation omitted).  All of Plaintiff's asserted claims stem from the alleged receipt of an unsolicited text message—the identical alleged conduct giving rise to his TCPA claims. Further, Plaintiff's state claim is not novel or complex, it does not substantially predominate over Plaintiff's TCPA claims, and there are no compelling reasons to decline jurisdiction. *See* 28 U.S.C. § 1367(c).

### IV. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

11. In light of the above analysis, the Court has jurisdiction over the class action pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441.

12. Pursuant to 28 U.S.C. § 1446(d), Fashion Nova will file a copy of this Notice of Removal with the Clerk of the Hamilton County Municipal Court of Hamilton County, Ohio. Fashion Nova will also serve Plaintiff with a copy of this Notice of Removal.

13. Pursuant to 28 U.S.C. § 1446(a), venue for this case is proper in the Southern District of Ohio because it is the district court of the United States for the district and division within which the State Court Action is pending.  *See* 28 U.S.C. § 115(b)(1).

28301348 v3

14. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, and the claims may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

**WHEREFORE**, Defendant respectfully requests that the United States District Court for the Southern District of Ohio, Western Division, assume jurisdiction over this action.

Respectfully submitted,

Dated: February 27, 2026

*/s/ David M. Krueger*
DAVID M. KRUEGER (0085072)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email:  dkrueger@beneschlaw.com

*Attorney for Defendant FASHION NOVA, LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that on February 27, 2026, a true and accurate copy of the foregoing was electronically filed. Notice of this filing will be mailed to the following:

Branden McAfee
1404 Keyridge Drive
Cincinnati, OH 45240

                                                */s/ David M. Krueger*

28301348 v3